UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-21024

MARIA DE LOS ANGELES SABACHE MALDONADO,

    Plaintiff,

vs.

GREEN EXPLOSION INC.,
LIBIA C. GOMEZ, and
ALEJANDRO GOMEZ,

    Defendants.
_____/

## COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Maria de los Angeles Sabache Maldonado, sues Defendants, Green Explosion Inc., Libia C. Gomez, and Alejandro Gomez, as follows:

### *Parties, Jurisdiction, and Venue*

1.    **Plaintiff, Maria de los Angeles Sabache Maldonado**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.    Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3.    Plaintiff was a non-exempt employee of Defendants.

4.    Plaintiff consents to participate in this lawsuit.

5.    **Defendant, Green Explosion Inc.,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

6.    **Defendant, Libia C. Gomez,** was and is an owner/officer/director of the

corporate Defendant for the time period relevant to this lawsuit. She ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

7.  **Defendant, Alejandro Gomez,** also was and is an owner/officer/director of the corporate Defendant for the time period relevant to this lawsuit. He also ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

8.  Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

9.  This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

10. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

11. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### *Background Facts*

12. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

13. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used

instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

14. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their importation and distribution of herbs have moved through interstate commerce.

15. Defendants transported, received, packaged, re-packaged, and shipped herbs that moved through interstate commerce.

16. Furthermore, Defendants regularly and recurrently obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

17. Defendants also engage in e-commerce through the internet on their website, [https://greenexplosionherbs.com/](https://greenexplosionherbs.com/), which they registered through GoDaddy LLC (a foreign corporation).

18. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or in excess of $125,000.00 for each fiscal quarter in which Plaintiff worked.

19. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

20. Plaintiff worked for Defendants from approximately May 22, 2019 to January 5, 2021.

21. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

22. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her work packaging and re-packaging herbs that arrived from outside of the state of Florida to be sent to locations outside of the State of Florida for Defendants.

23. Defendants paid plaintiff at a rate of $10.00/hour for each hour that she worked.

24. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

### *Liability*

25. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of her regular hourly rate of pay for all hours worked over 40 hours in a given workweek.

26. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times her regular rate of pay for each of the overtime hours he worked during the relevant time period.

27. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which the deprived Plaintiff the overtime pay earned.

28. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

29. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

30. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Maria de los Angeles Sabache Maldonado, demands the entry of a judgment in her favor and against Defendants, Green Explosion Inc., Libia C. Gomez, and Alejandro Gomez, jointly and severally after trial by jury, and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 16th day of March 2021.

                                            Respectfully Submitted,

                                            s/Brian H. Pollock, Esq.
                                            Brian H. Pollock, Esq.
                                            Fla. Bar No. 174742
                                            brian@fairlawattorney.com
                                            FAIRLAW FIRM
                                            7300 North Kendall Drive
                                            Suite 450
                                            Miami, FL 33156
                                            Tel:    305.230.4884