UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-21024-CV-REID

MARIA de LOS ANGELES
SABACHE MALDONADO,

    Plaintiff,
v.

GREEN EXPLOSION, INC., et al.,

    Defendants.
_____/

## **ORDER OUTLINING INITIAL PLANNING AND SCHEDULING CONFERENCE**

THIS CAUSE is hereby set for an Initial Planning and Scheduling Conference before the Honorable Lisette M. Reid on May 5, 2021, at 10:00 am. Due to the COVID-19 emergency, the scheduling conference shall be conducted remotely by Zoom.

Counsel for Plaintiff(s) is instructed to provide copies of this order to all counsel of record and to any unrepresented parties that have appeared in this case. Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1B, the parties are jointly responsible for conferring to develop a proposed discovery plan. The parties are then to file and serve a Joint Planning and Scheduling Report, together with a proposed Scheduling Order, and an attached service list including the parties' names and phone numbers. The report and proposed order must be filed by **5:00 pm** on **May 4, 2021**, and must recite the following:

1. A plain statement of the nature of the claim and any counterclaims, cross-claims, or third-party claim, including, if possible, the amount of damages claimed and any relief sought.

2. A brief summary of the facts which are uncontested, or which can be stipulated to without discovery.

3. A brief summary of the issues as presently known.

4. Whether discovery should be conducted in phases or limited to particular issues.

5. A detailed schedule of discovery for each party.

6. Proposed deadlines for joinder of other parties and to amend the pleading, to file and hear motions, and to complete discovery.

7. Proposed approximate dates for final pretrial conference.

8. The projected time necessary for trial and a statement of whether the case is jury or non-jury trial.

9. A list of all pending motions, whether each motion is "ripe" for review, the date each motion became ripe, and a summary of the parties' respective positions with respect to each ripe motion.

10. Any unique legal or factual aspects of the case requiring special consideration by the Court.

11. The status and likelihood of settlement.

12. Such other matters as required by Local Rule 16.1(B) and as may aid the Court in setting the case for status or pretrial conference and in the fair and expeditious administration and disposition of this action.

## SERVICE OF PROCESS

If any Defendant remains unserved by the date of the initial planning and scheduling conference, Plaintiff must include in the Joint Planning and Scheduling Report a detailed explanation sufficient to show good cause for the failure to effect service. If Plaintiff fails to provide a sufficient explanation, the unserved Defendant will be dismissed from the action without further notice.

## ELECTRONICALLY STORED INFORMATION

If the parties anticipate that electronically stored information ("ESI") will be relevant to the parties' claims and defenses, they must engage in discussions and arrive at a plan, which is proportional and reasonable in relation to the nature and complexity of the case, for the preservation, identification, and production of ESI  The plan shall be separately submitted to the Court at the time of filing the proposed Scheduling Order for Court approval.

In formulating a plan, the parties shall include, if necessary to the case, their stipulation regarding the specification of the formats-in which documents are to be produced, the metadata fields, if any, that will be requested, the methods by which responsive documents will be

identified, the procedures they will employ to protect claims of privilege, and other requirements, conditions or provisions that the parties believe are necessary to facilitate and expedite ESI document discovery.

With respect to initial disclosures required under Fed. R. Civ. P. 26(a)(l)-(2), pursuant to Rule 26(a), the disclosures must be made at or before the time the parties confer to develop the discovery plan. The parties must certify in the Joint Scheduling Report that such disclosures have been made unless a party objects during the conference that the required disclosure(s) is not appropriate in the circumstances of the action and files an objection to the specific disclosure(s) with the Court. Such objections must be filed prior to the Initial Planning and Scheduling Conference and must include a full explanation of the basis for the objections.

Absent prior permission of the Court, neither a motion and its incorporated memorandum of law nor an opposing memorandum of law shall exceed 6,000 words, and no reply memorandum shall exceed 3,000 words. All papers filed with the Court must include a certificate by the attorney, or an unrepresented party, that the document complies with the type-volume limitation. The person preparing the certificate may rely on the word count of the word-processing system used to prepare the document. The certificate must state the number of words in the document. In computing any length limitation, headings, footnotes, and quotations count toward the limit but the following items do not: cover page; disclosure statement; table of contents; table of authorities; addendum containing statutes, rules, or regulations; certificates of counsel; signature block; and proof of service.

      **DONE AND ORDERED** this 28th day of April, 2021.

                                                  s/**Lisette M. Reid**
                                     UNITED STATES MAGISTRATE JUDGE

cc:    **All Counsel of Record**