UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-21024-REID [*CONSENT CASE*]

MARIA SABACHE MALDONADO,

    Plaintiff,

vs.

GREEN EXPLOSION INC.,
LIBIA C. GOMEZ, AND
ALEJANDRO GOMEZ,

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS AND MOTION TO COMPEL FACT INFORMATION SHEETS

Plaintiff, Maria Sabache Maldonado, through undersigned counsel and pursuant to Fed. R. Civ. P. 55, 69, and other applicable Rules and laws, requests that the Court enter an Order determining that Plaintiff is the prevailing party in this action and that Plaintiff is entitled to recover reasonable attorneys' fees, costs, and expenses of litigation from Defendants, Green Explosion, Inc., Libia C. Gomez, and Alejandro Gomez, based on the following good cause:

## MOTION FOR ENTITLEMENT TO AN AWARD OF ATTORNEYS' FEES AND COSTS

### *Factual and Procedural History*

1. Plaintiff sued Defendants for violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*. for failing to pay Plaintiff overtime wages [ECF No. 1].

2. Plaintiff filed her Complaint on March 16, 2021, and defense counsel filed a Notice of Appearance on April 14, 2021.

3. Plaintiff provided defense counsel with an initial estimate of her claim via email on May 26, 2021.

4. Defense counsel responded nearly a month later on June 17, 2021 with a global offer that did not even satisfy Plaintiff's unpaid wages (which were less than $4,000.00 unliquidated).

5. Plaintiff responded the same day by reducing her demand, but heard *no response* from defense counsel regarding settlement until more than a month later on July 30, 2021.

6. The settlement amount offered by the Defendants on July 30, 2021 was only nominally more than the original offer they made, and still did not come close to satisfying Plaintiff's overtime wages and the attendant liquidated damages.

7. Plaintiff and defense counsel continued to engage in negotiations, and Plaintiff increased her demand based on the additional time (and commensurate attorney's fees incurred) involved in continued litigation – including preparation of Rule 26 Disclosures and the propounding of discovery on the Defendants – and negotiations.

8. Shortly after being subjected to discovery, on August 3, 2021, Defense counsel requested a "realistic" settlement number, and Plaintiff responded with such a number on the same day, explaining that Plaintiff's unpaid wages and liquidated damages were fixed, and that the only variable increasing the demand was attorney's fees resulting from Plaintiff's counsel having to perform additional work on this case due to Defendants' inadequate settlement offers, and in order to progress this case to prepare it for trial.

9. Defense counsel responded more than two weeks later on August 19, 2021, and proposed resolving the case through mediation.

10. Over the next few days, Plaintiff engaged in mediation discussions with defense counsel by offering names of different mediators.

11. Suddenly, on August 24, 2021, Defendants served Plaintiff with an Offer of Judgment pursuant to Rule 68 to satisfy the claims for unpaid overtime wages in the amount of $2,750.00, and liquidated damages in the amount of amount of $2,750.00, leaving the issue of attorneys' fees open for resolution by the Court.

12. Plaintiff filed her Notice of Acceptance of Rule 68 Offer on September 3, 2021 [ECF No. 28], and then filed a corrected Notice of Acceptance of Rule 68 Offer [ECF No. 30] on October 12, 2021.

13. The Court ultimately entered its Order entering a Judgment in favor of Plaintiff and against Defendants on October 14, 2021 [ECF No. 31].

14. The following day on October 15, 2021, Plaintiff requested by email whether Defendants intended to satisfy the aforementioned Judgment, but Defendants have not yet responded to the email or sent payment in satisfaction of the Judgment.

15. The parties were not able to agree on the amount of fees that should be paid to Plaintiff's counsel in their settlement negotiations.

16. Plaintiff's counsels' time and expense records in this case, which reflect the time and costs reasonably expended in the prosecution of this action, are attached as Exhibit "A" to this Motion.

17. Plaintiff's counsel kept the records attached as Exhibit "A" contemporaneously, and the attached is a true and accurate copy of the records digitally made and kept in the ordinary course of business by Plaintiff's counsel.

WHEREFORE Plaintiff, Maria Sabache Maldonado, requests the Court to enter a Final Judgment for attorneys' fees and costs to be recovered from Defendants, Green Explosion Inc., Libia C. Gomez, and Alejandro Gomez, jointly and severally pursuant to 29 U.S.C. §216(b).

## MEMORANDUM OF LAW

As the Eleventh Circuit Court of Appeals discussed in *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir.1994):

> The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This "lodestar" may then be adjusted for the results obtained. *Id.* at 435-37; *Norman v. Housing Auth.*, 836 F.2d 1292, 1302 (11th Cir. 1988).

These elements will be addressed in order.

1. *Plaintiff's counsel expended a reasonable number of hours.*

Counsel for a prevailing Plaintiff should be paid consistent with attorneys who are compensated by a fee-paying client for all time he/she reasonably expended on a matter. *Blanchard v. Bergeron*, 489 U.S. 87, 91 (1989). The Eleventh Circuit court of Appeals explained that, "hours reasonably expended" meant "billable hours", such as "…work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." *Perkins v. Mobile Housing Auth.*, 847 F.2d 738 (11th Cir. 1988). Counsel's sworn testimony is evidence which is to be given "considerable weight" of the time required and it must appear that the time is "obviously and convincingly excessive" to reduce the hours. *Id.* During this case, Plaintiff's counsel exercised billing discretion.

2. *Plaintiff's hourly rate(s) for this type of litigation is reasonable.*

The initial estimate of a reasonable hourly attorney's fee is properly calculated by multiplying the number of hours expended on the litigation times a reasonable hourly rate. "A

reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Loranger*, 10 F.3d at 781(quoting *Norman*, 836 F.2d at 1299) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). Fee awards are to be calculated based upon prevailing market rates in the local community for similar services by lawyers of reasonably comparable skill, reputation, and experience. *Blum*, 465 U.S. at 894. Evidence of prevailing rates for comparable services can be adduced either through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. *Duckworth v. Whisenant*, 97 F.3d 1393 (11th Cir. 1996); *Norman*, 836 F.2d at 1299. Evidence of comparable skill should be defined in terms of length and type of experience, education, professional accomplishments, and reputation. *Perkins*, 847 F.2d at 737, n.1. The Court also should analyze the skills of the organization, efficiency, knowledge of the trial practice, knowledge of the substantive law and persuasiveness in determining the skill level of the lawyer seeking an award of attorneys' fees. Adjustments to that hourly rate may then be made as necessary for a particular case. *Blum*, 465 U.S. at 888.

### *Plaintiff's Lead Counsel - Brian H. Pollock, Esquire*

Brian H. Pollock, Esq. has been a member in good standing of The Florida Bar and of the District Court for the Southern District of Florida since 1999. He was admitted to practice, and also has actually practiced, before the Middle District of Florida, the Eleventh Circuit Court of Appeals, and the Supreme Court of the United States. Mr. Pollock has been practicing civil litigation in the Florida state and federal courts since 1999, and he has been admitted *pro hac vice* to serve as counsel in class actions pending in the District Court for the Northern District of Georgia and in the State of Georgia.

Mr. Pollock has represented numerous employees in the Florida state, federal, and appellate courts in both individual actions and in class / collective actions, and he continues to do so. Mr. Pollock was appointed as counsel to represent collective actions in *Peña vs. Handy Wash, Inc.*, S.D. Fla. Case No.: 14-20352-ALTONAGA, in *Caamano v. 7 Call Center Inc.*, S.D. Fla. No.: 16-CV-20932-GAYLES, in *Benjamin v. VHU Express, Inc.*, S.D. Fla. Case No.: 15-CV-20642-KING, and in *Freese v. Treecycle Land Clearing Inc.*, S.D. Fla. Case No.: 17-CV-81169-REINHART. Mr. Pollock also was appointed as class counsel in several class actions, including a class of servers seeking unpaid minimum wages under the Florida Minimum Wage Act in *Rojas Molina vs. Yankee Development Corp. d/b/a A Fished Called Avalon*, Eleventh Circuit Court for Miami-Dade Case No.: 16-010745 CA 01 (09). Mr. Pollock is currently class counsel for over 60 employees seeking underpaid wages in *Azor v. Direct Airlines Services, Inc.*, presently pending in the Eleventh Circuit Court for Miami-Dade Case No.: 17-007921 CA 01 (32). From October 2005 to October 31, 2011, Mr. Pollock served on The Florida Bar Unlicensed Practice of Law Committee 11A and was the Chairperson of that committee from May 2011 to October 31, 2011.

<u>*Plaintiff's Associate Counsel – Toussaint Cummings, Esquire*</u>

Toussaint Cummings, Esq. has been a member in good standing of the Florida Bar since 2015, and of the Southern District of Florida since 2019. Mr. Cummings attended Benjamin N. Cardozo Law School in New York City where he interned for the Neighborhood Defender Service of Harlem and the Legal Aid Society. Before attending law school, Mr. Cummings earned a B.F.A. in Fine Arts with honors from Pratt Institute in Brooklyn, NYC, and he also earned a Master's Degree in Education from Mercy College while teaching elementary school full-time. Mr. Cummings started his legal career in the Miami-Dade Public Defender's office, where he worked for five years representing indigent people accused of crimes. While at the Public Defender's Office,

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

Mr. Cummings first-chaired approximately 15 criminal trials (misdemeanor and felony), second-chaired approximately 5 criminal trials (felony), conducted over 300 depositions, and drafted and argued dozens of dispositive evidentiary motions. Needless to say, all of this hard work was compensated solely through a salary set by the state of Florida, and not computed on an hourly basis.

Mr. Cummings began practicing civil litigation in 2019, primarily defending an internationally-known Fortune 500 company. Thereafter, Mr. Cummings went on to represent plaintiffs in first-party insurance claims, where he developed skills necessary to transition into the employment law field. Mr. Cummings currently concentrates his practice on employment law, mainly representing employees in employment disputes, including those involving unpaid/underpaid wages under the FLSA and Florida Minimum Wage Act, discrimination, harassment, and retaliation cases in the Florida State and federal courts. As such, the appropriate rate for Mr. Cummings's level of experience is $350.00 per hour.

*Further Qualifications*

Besides regularly representing claimants in the Southern District of Florida, Mr. Pollock regularly represents employers and other defendants in Florida state and federal courts. Mr. Pollock's customary rate ***actually paid*** by new clients remains at $450.00 per hour and drawn against a retainer, and this rate has actually been paid by new clients since as far back as 2018. Clients now pay an hourly rate of $450.00/hour for Mr. Pollock and $350/hour for his associate, Mr. Cummings, drawn against a retainer to secure payment.

This case, in contrast to the defense cases, provided FairLaw Firm with no guarantee of payment for the services rendered in connection with Plaintiff's claims. For this reason, the Plaintiff entered into a contingency agreement wherein he agreed that all time spent by Mr. Pollock and

the other members of his firm should be compensated at a rate of $550.00/hour. The entry of a Judgment against Defendants <u>which has not yet been satisfied</u> is further evidence that there is a likelihood that neither Plaintiff nor his counsel will receive any meaningful recovery, and any recovery will likely only occur through employing post-judgment proceedings.

Plaintiff seeks an hourly rate of $450 per hour for the time Mr. Pollock spent litigating this case. Plaintiffs also seek a rate of $350 per hour for the time Mr. Cummings spent on this case.

This Court approved Mr. Pollock's rate of $450/hour in *Garay v. Firm Lending, LLC*, 1:21-CV-21449, 2021 WL 3560777 (S.D. Fla. Aug. 3, 2021).[1] Magistrate Judge Jonathan Goodman issued an Order Approving FLSA Settlement and Closing Case approving Mr. Pollock's rate of $450/hour in *Maceda Gonzalez v. Radiation Shield Technologies, Inc.*, 20-CV-23262-GOODMAN on March 25, 2021 at ECF No. 33. This Court also previously approved Mr. Pollock's rate at $500/hour in *Palacio Cruz vs. Infante Security Protection, LLC*, 18-CV-21839-GAYLES on September 4, 2018 at ECF No. 17.

Further, this Court previously recognized that Mr. Pollock's rate could be anywhere from $400/hour to $450/hour in this Court back in August of 2017:

> [T]he requested $395 hourly rate for Mr. Pollock, who has over 17 years of experience, is not excessive, *see James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1350 (S.D. Fla. 2007) (finding $450 was a reasonable hourly rate for attorneys who had over 10 and 25 years of experience, respectively, in the practice of labor and employment law); *Eason v. Bridgewater & Associates, Inc.*, 108 F. Supp. 3d 1358, 1366 (N.D. Ga. 2015) (proposed hourly rate of $400 per hour for partner was reasonable for purposes of awarding attorney's fees to FLSA prevailing plaintiffs).

*Araujo v. C.R.C. Car Rental Inc.*, 2017 WL 3382315, at *1 (S.D. Fla. Aug. 4, 2017) (Altonaga, J.).

---

[1] The Court also determined that $350/hour was appropriate for Mr. Cummings in *Garay*.

September 2021 marked Mr. Pollock's 22nd year of practicing law. Mr. Pollock's requested rate of $450/hour recognizes the efficiencies created by an attorney with his experience and the efficiency with which he can accomplish or designate tasks involved in litigating FLSA cases.

In light of the foregoing, the requested rates for Mr. Pollock and Mr. Cummings are demonstrably reasonable.

3. *Lodestar Adjustment*

Plaintiff does not request that the Court adjust the lodestar in this case, but to award counsel a reasonable attorneys' fee at the rate requested. Plaintiff in this case recovered a judgment for the total amount she calculated that she was owed based on the record provided by Defendants, plus liquidated damages of an equal amount, representing what would be considered a complete victory for Plaintiff.

Plaintiff does not request that the Court adjust the lodestar in this case, but to award counsel a reasonable attorneys' fee at the rate requested. Plaintiff's counsel expended on this case necessarily precluded the performance of work on other cases – including defense cases on which FairLaw Firm would be paid at a higher hourly rate, drawn against a retainer to secure payment. Since this case presents a realistic risk of little or no recovery and resulted in the preclusion of other work by Mr. Pollock and his office, the requested hourly rate should <u>not</u> be adjusted from $450/hour for Mr. Pollock and $350/hour for Mr. Cummings. The Court is not constrained to award attorneys' fees in proportion to the amount that Plaintiff recovered, *see James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1347 (S.D. Fla. 2007) (citing *Andrews v. United States*, 122 F.3d 1367, 1376 (11th Cir.1997)); *c.f. City of Riverside v. Rivera*, 477 U.S. 561, 574, (1986). "The FLSA relies on individuals to bring claims as private attorneys general with the promise that should they prevail they will be awarded their reasonable attorney's fees in addition to damages." *Nesbitt v.*

*FCNH, Inc.*, 74 F. Supp. 3d 1366, 1374 (D. Colo. 2014), *aff'd*, 811 F.3d 371 (10th Cir. 2016").[2] In light of the foregoing, Plaintiff's counsel's fees are more than reasonable. Plaintiff further requests that this Court consider the additional attorneys' fees that <u>will continue to be incurred</u> litigating the amount of attorneys' fees. *See e.g.*, *Thompson v. Pharmacy Corp. of Am., Inc.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (discussing propriety of awarding "fees for litigating fees"); *Sheet Metal Workers' Intern. Ass'n Local 15, AFL-CIO v. Law Fabrication, LLC*, 237 Fed. Appx. 543, 550 (11th Cir. 2007) ("federal statutory fee-shifting provisions ordinarily authorize fees on fees"); and *Brown Jordan Int'l, Inc. v. Carmicle*, 14-60629-CV, 2017 WL 5633312, at *6 (S.D. Fla. Aug. 7, 2017) (awarding "fees on fees"), *report and recommendation adopted*, 0:14-CV-60629, 2017 WL 5632811 (S.D. Fla. Aug. 22, 2017). Moreover, Plaintiff has not included the amounts incurred/to be incurred in executing on the Judgment pursuant to 29 U.S.C. §216(b) and Fla. Stat. §57.115.

4. *Total fee award.*

By this Motion, and pursuant to 29 U.S.C. §216(b), Plaintiffs seek a total fee award for her counsel, Brian H. Pollock, Esq. and Toussaint Cummings, Esq. of the FairLaw Firm, of **$13,715.00**, including costs:

| | | | |
|---|---|---|---|
| a. | Fees of FairLaw Firm: | | $13,268.00 |
| | (Brian H. Pollock | $450.00/hour x 14.1 hours = | $6,345.00) |
| | (Toussaint Cummings | $350.00/hour x 16.1 hours = | $5,635.00) |
| | (Paralegals | $150.00/hour x 8.5 hours = | $1,275.00 |
| | (Legal Asst | $65.00/hour x 0.2 hours = | $13.00 |
| b. | Costs of Litigation: | | $447.00 |

---

[2] Please note that Exhibit A includes the time it took to draft this motion, which is not included in the final fee.

(Exhibit "A".) In light of the foregoing, Plaintiff's counsel's fees are more than reasonable.

## CONCLUSION

For the foregoing reasons, Plaintiff, Maria Sabache Maldonado, respectfully requests the Court to award her counsel attorneys' fees and costs against Defendants, Green Explosion Inc., Libia C. Gomez, and Alejandro Gomez as requested above.

## VERIFICATION

By my signature below, I execute this declaration in Miami-Dade County, Florida, and declare under penalty of perjury that the foregoing is true and correct.

Dated this 27th day of October 2021.

> Toussaint Cummings, Esq.
> Toussaint Cummings, Esq. (119877)
> toussaint@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146
> Tel:    305.230.4884
> *Counsel for Plaintiff*

## MOTION TO COMPEL FACT INFORMATION SHEET

1.      Rule 69(a)(2) of the Federal Rules of Civil Procedure entitles a prevailing party to employ discovery in furtherance of execution on a judgment:

> In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located.

2.      Rule 1.560(c) of the Florida Rules of Civil Procedure, in turn, permits a judgment creditor such as the Plaintiff to request of the Court the following:

> In addition to any other discovery available to a judgment creditor under this rule, the court, at the request of the judgment creditor, **shall order the judgment debtor or debtors to complete form 1.977, including all required attachments, within 45 days of the order or such other reasonable time as determined by the court**.

3. Having secured a judgment against Defendants, Green Explosion Inc., Libia C. Gomez, and Alejandro Gomez, Plaintiff requests that the Court require each Defendant to complete a Florida Form 1.977 Fact Information Sheet, including all attachments, within 30 days, in the form(s) appended hereto as Exhibits "B", "C", and "D". *See Whitwam v. JetCard Plus, Inc.*, 2014 WL 6433226 (S.D. Fla. Nov. 13, 2014.)

4. Plaintiff further requests the Court require each Defendant to complete Florida Form 1.977 Fact Information Sheet in the form(s) appended hereto, including all attachments, and "to fax and/or hand-deliver the same to Plaintiffs' Counsel" within 30 days of service of the Fact Information Sheets on Defendant. *Rodriguez v. Super Shine & Detailing, Inc.*, 2013 WL 4786596, at *4 (S.D. Fla. Sept. 6, 2013).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to compel each Defendant to complete and return a Form 1.977 Fact Information Sheet, with all required attachments, to Plaintiff's counsel within 30 days of service of the Fact Information Sheets on Defendants.

Respectfully submitted this 27th day of October 2021.

<u>Toussaint Cummings, Esq.</u>
Toussaint Cummings, Esq. (119877)
toussaint@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel: 305.230.4884
*Counsel for Plaintiff*
