**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 1:21-21024-CV-REID**
**(CONSENT)**

MARIA MALDONADO,

      Plaintiff,

vs.

GREEN EXPLOSION INC.,
LIBIA C. GOMEZ, and
ALEJANDRO GOMEZ,

      Defendants.

_____/

**DEFENDANTS' VERIFIED RESPONSE TO MOTION FOR ATTORNEYS' FEES**
**AND COSTS AND MOTION TO COMPEL FACT INFORMATION SHEETS**

      Defendants, GREEN EXPLOSION INC., LIBIA C. GOMEZ and ALEJANDRO GOMEZ

("Defendants"), by and through their undersigned counsel, hereby file their Response to Plaintiff's

Motion for Attorneys' Fees and Costs and Motion to Compel Fact Information Sheets ("Motion"),

and state:

**OVERVIEW**

      The instant case was a straight-forward and uncomplicated FLSA case which Counsel for

the Defense tried to settle early-on, but the case was unfortunately driven solely by Plaintiff's

counsel's desire to increase their attorneys' fees.[1]

      Defendants' counsel spent a total of approximately fourteen (14) hours on this case prior

to responding to the instant Motion.  In contrast, Plaintiff's two (2) attorneys billed *29.6 hours*,

and Plaintiff's several paralegals billed *5.6 hours*.  This is clear evidence of excessive overbilling.

---

[1] At the inception of the case, Plaintiff's counsel advised Mr. Kuvin that Plaintiff's attorneys' fees
were already $6,000.00.

Defendants' counsel agreed to represent Defendants in this case at $350.00 per hour. The reason that Defendants' counsel agreed to take this case at the $350 hourly rate instead of the $400 hourly rate that they typically charge clients in FLSA cases is that Defendants indicated at the commencement of the lawsuit that they wanted to determine how much was actually owed to Plaintiff and to expeditiously settle the case. As Plaintiff's counsel needlessly over litigated this simple case, Plaintiff's request for an hourly rate of $450.00 per hour for Brian H. Pollack, Esq. and request for an hourly rate of $350.00 per hour for Toussaint M. Cummings, Esq. is excessive, unreasonable and unsupportable based on the prevailing market rates in the community, the complexity of the case and the quality of Plaintiff's counsel's work product. As such, Mr. Pollock should be awarded no more than $350 per hour and Mr. Cummings should be awarded no more than $200 per hour.

Initially, Defendants' counsel voluntarily sent to Plaintiff's counsel a copy of Plaintiff's time and pay records in order to facilitate settlement. Despite having these records in their possession and having interviewed the Plaintiff before filing this case, Plaintiff's counsel inflated Plaintiff's Statement of Claim [DE 22] by including 30 minutes (Auto, Deduct. Time) for lunch each day. However, despite learning from their own client on May 11, 2021, that Plaintiff did actually take her 30 minute lunch, Defendants' counsel failed to correct their error and pushed forward by preparing unnecessary discovery requests to Defendants.[2] Had Plaintiff's counsel promptly notified Defendants' counsel of their mistake and corrected the Statement of Claim to lower the amount of damages sought by Plaintiff, this case would have settled in June 2021 and a large portion of the work done by Plaintiff's counsel would have been obviated.

---

[2] According to Plaintiff's counsel's billing records, preparing these unnecessary discovery requests took more time than any other task by counsel..

LAW OFFICE OF LOWELL J. KUVIN

17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

As set forth more fully below, several of the time entries by Plaintiff's counsel and paralegal are also excessive, redundant and/or improper.

For the reasons set forth below, Mr. Pollack's hours should be reduced by 2.9 hours, Mr. Cummings' hours should be reduced by 11.4 hours and the paralegals' time should be reduced by 2.95 hours. Alternatively, Defendants respectfully request that Plaintiff's attorneys' time be reduced by 50% and that the paralegals' time be reduced by 55%.

## ARGUMENT AND MEMORANDUM OF LAW

### A.     Standard of Review

As the Eleventh Circuit Court of Appeals discussed in *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir.1994), citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983), "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate."

The initial estimate of a reasonable hourly attorneys' fee is properly calculated by multiplying the number of hours expended on the litigation times a reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Loranger*, 10 F.3d at 781(quoting *Norman,* 836 F.2d at 1299) (citing *Blum v. Stenson,* 465 U.S. 886, 895-96 n. 11 (1984)). Fee awards are to be calculated based upon prevailing market rates in the local community for similar services by lawyers of reasonably comparable skill, reputation and experience. *Blum*, 465 U.S. at 894.[3] Evidence of prevailing rates for comparable services can be

---

[3] According to the 11th Circuit, the most important *Johnson* factor to be considered when setting the rate of pay for calculation of the lodestar is the "going rate" in the community, which is defined to mean "[a] reasonable hourly rate... in the relevant legal community for similar services by lawyers of comparable skills, experience, and reputation." *Martin v. Univ. of Ala.,* 911 F.2d 604,

adduced either through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. *See Duckworth v. Whisenant*, 97 F.3d 1393 (11th Cir. 1996); *Norman*, 836 F.2d at 1299. Evidence of comparable skill should be defined in terms of length and type of experience, education, professional accomplishments and reputation. *See Perkins*, 847 F.2d at 737, n.1. The Court should also analyze the skills of the organization, efficiency, knowledge of the trial practice, knowledge of the substantive law and persuasiveness in determining the skill level of the lawyer seeking an award of attorneys' fees. Adjustments to that hourly rate may then be made as necessary for a particular case. *See Blum*, 465 U.S. at 888.

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman,* 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that his requested rate is reasonable. Testimony that a given fee is reasonable is satisfactory because "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Id.*

**B.**     **<u>Skill and Hourly Rate</u>**

Given the facts of this case, Defendants believe that a rate of $350 per hour is appropriate for Mr. Pollack and $250 per hour is appropriate for Mr. Cummings. Defendants' view is based upon their review of other fee awards in FLSA cases in this District and based upon the level of experience, knowledge of the applicable law in this area, the lack of complexity of this case and the skill displayed by counsel.

---

610 (l1th Cir. 1990); *see also Reynolds v. Alabama Dept. ofTransp.,* 926 F. Supp. 1448, 1457 (M.D. Ala. 1995).

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

While other courts have granted Mr. Pollock in excess of $400 per hour, Mr. Pollock has not demonstrated the skill level for which he seeks to be compensated at the rate of $450 per hour. Mr. Pollock has been a licensed Florida attorney for the last 22 years. As undersigned counsel has been an attorney for the last 24 years and has not been awarded more than $400 per hour, Defendants believe that $400 per hour is an appropriate rate for Mr. Pollock *in most cases*. Defendants' counsel note that the most that they have been awarded (with their greater years of experience, greater professional accomplishments and AV ratings) is $400.00 per hour since 2019. *See Watts v. Club Madonna, Inc.*, Case No. 17-24666-CIV-UNGARO/O'SULLIVAN (S.D.Fla. February 14, 2019). Moreover, Mr. Pollock has not been handling FLSA cases for as long as Mr. Kuvin.[4] Nevertheless, and based upon the lack of complexity of this case and Plaintiff's counsel's own error which needlessly prolonged this case, Mr. Pollock should be awarded no more than $350 per hour. *See also Benjamin v. VHU Express, Inc.*, 16-20642-CIV, 2017 WL 3448298, at *2 (S.D. Fla. Aug. 8, 2017)(awarding Mr. Pollock $395 per hour).

While Plaintiff cites cases where Courts approved *settlement agreements* where the plaintiffs agreed to pay Mr. Pollock a rate of $450 per hour, those examples are not persuasive because settled cases do not require the Court to conduct a lodestar analysis to determine the appropriate hourly rate. *See Tissone v. Osco Food Services, LLC*, 19-CV-61358, 2021 WL 1529915, at *4 (S.D. Fla. Feb. 10, 2021), *report and recommendation adopted*, 19-61358-CIV, 2021 WL 870526 (S.D. Fla. Mar. 9, 2021) ("Notably, a review of many of those cases reveals that they involved court approval of an FLSA *settlement* where attorneys' fees and costs were

---

[4] Mr. Kuvin was actually the person who initially suggested that Mr. Pollock begin practicing in the FLSA area of law in 2009.

amicably resolved. Thus, the cases are distinguishable from the instant default judgment and unpersuasive in seeking the higher hourly rates.") (citation omitted).

For example, Mr. Pollock cites to *Garay v. Firm Lending, LLC*, 1:21-CV-21449, 2021 WL 3560777 (S.D. Fla. Aug. 3, 2021), in support of his request for a rate of $450 per hour. However, Mr. Pollock failed to advise the Court that in the *Garay* case, the plaintiff obtained a default and the motion for attorneys' fees was unopposed. For this reason, *Garay* is not helpful here. Similarly, Mr. Pollock cites to *Maceda Gonzalez v. Radiation Shield Technologies, Inc.*, 20-CV-23262-GOODMAN, where the Court awarded him a rate of $450 per hour when it approved a settlement where the defendants had agreed to this rate. Lastly, Mr. Pollock cites to *Palacio Cruz vs. Infante Security Protection, LLC*, 18-CV-21839-GAYLES. However, that too was a default case and the motion for attorneys' fees was unopposed.

Notably, in *Wendel v. Int'l Real Estate. News, LLC.*, 19-21658-CIV, 2019 WL 12278752, at *2 (S.D. Fla. Dec. 16, 2019), *report and recommendation adopted sub nom. Wendel v. Int'l Real Estate News, LLC*, 19-21658-CIV, 2020 WL 9552161 (S.D. Fla. Jan. 2, 2020), when Mr. Pollock sought an hourly rate of $425, the Court awarded him only a blended rate of only $300 per hour because Mr. Pollock "spent a considerable amount of time on tasks customary of a junior-level attorney":

> … **After our review of the work performed on the file and the billing records submitted in support of Plaintiff's Motion, we find both rates to be too high.**
>
> **Our decision to reduce the hourly rates sought is based on the work performed on the file.** Though Mr. Pollock is a very well experienced and respected attorney in this field of practice, i**n our view, the billing records indicate that the attorney spent a considerable amount of time on tasks customary of a junior-level attorney, including research on various routine legal issues, drafting correspondence, and preparation of pleadings and the materials to be attached to same. Our review of the time records**

> shows that this type of work predominates the file. Mr. Pollock,
> however, billed all the time on the file. An adjustment for this type
> of billing is required, especially in a default judgment case where
> high level legal acumen was not required.
>
> *          *          *
>
> Given our experience in this community and with fee disputes
> in general, we find that a "blended" rate of $300.00 per hour for
> both Mr. Pollock and $100.00 for Ms. Acuna-Nelson is more
> appropriate for the work performed in this case. …

*Id*. at *2 (emphasis added) (citations omitted).  *See also Adriana Maria De Oliveira SA v. A-Maculate Cleaning Serv., Inc.*, 17-CV-21400, 2018 WL 4462186, at *3 (S.D. Fla. June 14, 2018), *report and recommendation adopted*, 17-CV-21400, 2018 WL 6807396 (S.D. Fla. Oct. 30, 2018)(lowering hourly rate requested by partner because tasks should have been performed by junior attorney).  In the case at bar, as set forth more fully below, Mr. Pollock similarly performed tasks that should have been performed by a junior attorney.  Moreover, in *Wendel*, although Mr. Pollock sought a total of $23,009.75 in fees, the Court awarded only $4,210.00 in fees.

As Mr. Cummings has been a licensed Florida attorney for only 6 years and handled FLSA cases less than two (2) years, Defendants believe that $250.00 per hour is an appropriate rate for Mr. Cummings *in most cases*.

As stated in *Garcia v. Pajeoly Corp.*, 18-23399-CIV, 2020 WL 764127 (S.D. Fla. Jan. 10, 2020), *report and recommendation adopted*, 18-CV-23399-CIV, 2020 WL 764035 (S.D. Fla. Jan. 31, 2020):

> As for Ms. Jaff and Ms. Staroschak, Plaintiff seeks an hourly rate of
> $290 and $285. But, these rates are excessive for lawyers with only
> four to six years of FLSA experience. We therefore reduce each
> of their rates to $250 per hour as "[t]his … is consistent with the
> associate rate for a five or six year lawyer … in this
> District." *Medrano v. Mi Colombia Bakery, Inc.*, 2013 WL
> 1748403, at *3 (S.D. Fla. Jan. 10, 2013) (citing *X–Ray Supplies Inc.
> v. Southeastern X–Ray Inc.*, 2010 WL 4960959, at *2–3 (S.D. Fla.
> Dec. 1, 2010) (finding a fifth-year associate's rate of $260 is
> reasonable); *Great Lakes Transp. Holding LLC v. Yellow Cab*

7

> *Service Corp. of Florida Inc.,* 2011 WL 4118234, at *2–3 (S.D. Fla.
> Sept. 15, 2011) (**finding a fifth-year associate's rate of $255 is
> reasonable**)).

*Id*. at *4 (emphasis added). *See also Tissone v. Osco Food Services, LLC*, 19-CV-61358, 2021

WL 1529915, at *5 (S.D. Fla. Feb. 10, 2021), *report and recommendation adopted*, 19-61358-

CIV, 2021 WL 870526 (S.D. Fla. Mar. 9, 2021)(awarding attorney with six years of experience

$250 per hour); *Cardoza v. Mario's Cleaning Services, Corp.*, 15-CV-61059, 2018 WL 1353141,

at *3 (S.D. Fla. Mar. 14, 2018) )(awarding attorney with seven years of experience $250 per hour).

While Mr. Cummings argues that he has been awarded a rate of $350 per hour, those cases

are the same cases upon which Mr. Pollock relies which were defaulted cases or involved a

settlement where the defendants had agreed to this rate. *See Garay v. Firm Lending, LLC*, 1:21-

CV-21449, 2021 WL 3560777 (S.D. Fla. Aug. 3, 2021), *Maceda Gonzalez v. Radiation Shield

Technologies, Inc.*, 20-CV-23262-GOODMAN and *Palacio Cruz vs. Infante Security Protection,

LLC*, 18-CV-21839-GAYLES.  Undersigned counsel was unable to locate a published decision

where Mr. Cummings was awarded attorneys' fees on a contested motion for fees.  However, based

upon the lack of complexity of this case and Plaintiff's counsel's own error which needlessly

perpetuated this case, Mr. Pollock should be awarded no more than $200 per hour for this case.

While Plaintiff's counsel makes much of the fact that they took this case on a contingency

basis, Defendants' counsel also extensively litigate Title VII and FLSA cases on a contingent basis

and similarly outlay their own funds for the costs of a litigation with no guaranty of payment.  The

contingent nature of the fee arrangement is no reason to award a higher rate.  Moreover, "the trial

court is precluded from considering the contingent nature of the fee when determining a reasonable

hourly rate." *Wolfe v. Nazaire*, 758 So. 2d 730, 733, (Fla. 4th DCA 2000), *approved sub nom. First*

*Baptist Church of Cape Coral, Florida, Inc. v. Compass Const., Inc.*, 115 So. 3d 978, 2013 WL 2349380 (Fla. 2013), *citing Bell v. U.S.B. Acquisition Co., Inc.*, 734 So. 2d 403, 407 (Fla. 1999).

Plaintiff's request for an hourly rate of $150.00 per hour for the paralegals is excessive and higher than the prevailing market rate. A reasonable rate for a paralegal in this District in FLSA cases is $135.00 per hour. *See Araujo v. C.R.C. Car Rental, Inc.*, 2017 WL 3382315, *1 (S.D. Fla. August 4, 2017)(awarding paralegal $135 per hour in FLSA case).

Accordingly, Defendants believe that based upon the quality of his work and his years of experience, Mr. Pollock should be awarded no more than $350 per hour. Based upon the quality of Mr. Cummings' work and his years of experience, he should be awarded no more than $200 per hour. The paralegals should be awarded no more than $135 per hour.

C.    **Hours Reasonably Expended**

As the Court stated in *Gonzalez v. Rainforest Cafe, Inc.*, 616CV2011ORL22DCI, 2018 WL 3635110 (M.D. Fla. Apr. 4, 2018), *report and recommendation adopted*, 616CV2011ORL22DCI, 2018 WL 3635085 (M.D. Fla. Apr. 19, 2018):

> As for the hours reasonably expended, **counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary."** *Hensley*, 461 U.S. at 434. .. "**If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary.**" *Barnes*, 168 F.3d at 428 (quotations omitted). **When a court finds the number of hours billed to be unreasonably high, a court has two choices, it may review each entry and deduct the unreasonable time or it may reduce the number of hours by an across-the-board cut.** *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

*Id*. at *2 (emphasis added).

Similarly, the Court in *Hamilton v. Southland Christian Sch., Inc.*, 6:10-CV-871-ORL-22, 2012 WL 6761676 (M.D. Fla. Dec. 12, 2012), *report and recommendation adopted*, 6:10-CV-871-ORL-22, 2013 WL 49498 (M.D. Fla. Jan. 3, 2013), stated:

> **Attorneys may only bill adversaries for the same hours they would bill a client.** *Resolution trust Corp. v. Hallmark Builders Inc.,* 996 F.2d 1144, 1149 (11th Cir.1993). **A court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the Court adequately explains its reasons for doing so.** *Galdames,* 432 F. App'x at 806 (citations omitted).

*Id*. at *4 (emphasis added).  "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended .... " *Hensley v. Eckerhart,* 461 U.S. 424,437 (1983).

As the Court explained in *Johnson v. S. Florida Paving Group, LLC*, 16-CV-62689, 2020 WL 5113592 (S.D. Fla. Aug. 31, 2020)

> **Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."** *Barnes,* 168 F.3d at 428. **When a request for attorney's fees is unreasonably high, courts may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut."**

*Id*. at *5 (emphasis added) (citations omitted).

### Time Entries That Are Excessive, Unreasonable and/or Redundant

### Time Spent by Attorneys

Considering that from the onset of the case Defendants wanted to settle, that Defendants did not serve any discovery, no depositions were conducted, and the discovery that was served by the Plaintiff was "cookie cutter variety" used in all FLSA cases, the overall hours that Plaintiff's

counsel claim they spent are excessive, unreasonable and some overlap with the paralegals' billed time.

On March 16, 2021, Mr. Pollock spent .30 hours reviewing three (3) Summonses that had been issued by the Clerk.  This was a purely secretarial task and no fees should be awarded for same.  "Finally, the billing file contains several instances where it appears the attorneys performed clerical work on the file, which cannot be included in any fee award."  *Walker v. Iron Sushi LLC*, 17-61472-CIV, 2018 WL 10140151, at *3 (S.D. Fla. Feb. 7, 2018), *aff'd*, 752 Fed. Appx. 910 (11th Cir. 2018)(citation omitted).  Therefore, .30 hours should be deducted.

On March 17, 2021, Mr. Pollock spent .50 hours on "Receipt and review of Order Setting Initial Planning and Scheduling Conference."  The Order reviewed was D.E. #5 which is a standard order issued in FLSA case.  No more than .10 hours is appropriate for experienced FLSA counsel to review and Order directing the parties to prepare a JSR.  In addition, no explanation is provided as to why a junior associate could not perform this task.  Therefore, .40 hours should be deducted.

On March 25, 2021, Mr. Pollock spent .80 hours to "Draft and revise letter to client re: responsibility to preserve evidence."  As this is a standard letter for FLSA counsel to send to clients, no more than .20 hours should have been spent.  In addition, no explanation is provided as to why a junior associate could not perform this task.  Therefore, .60 hours should be deducted.

On April 2, 2021, Mr. Pollock spent .10 hours on "Receipt and review of Affidavit of Service on Green Explosion." This is a purely secretarial task and no fees should be awarded for same.  Therefore, .10 hours should be deducted.

On April 14, 2021, Mr. Pollock spent 1.0 hours to "Draft and revise MET to File Statement of Claim and proposed Order; submit the proposed Order to Judge Ungaro for consideration."  As Mr. Pollock merely filed a simple motion for extension of time and a proposed order, only .40

hours should have been spent.  In addition, no explanation is provided as to why a junior associate could not perform this task.  Therefore, .60 hours should be deducted.

On April 14, 2021, Mr. Pollock spent .10 hours on "Receipt and review of Notice of Appearance by Mr. Kuvin."  This is a purely secretarial task.  Moreover, Mr. Pollock had already been contacted by Mr. Kuvin and was well aware that he was representing Defendants.  Therefore, .10 hours should be deducted.

On April 16, 2021, Mr. Pollock spent .30 hours to "Receipt and review of Order Outlining Initial Planning and Scheduling Conference."  Notably, this Order [D.E. #17] was almost identical to D.E. #8 for which Mr. Pollock already spent .5 hours on March 17, 2021.  In addition, no explanation is provided as to why a junior associate could not perform this task.  Therefore, .20 hours should be deducted.

On May 25, 2021, Mr. Cummings billed 2.5 hours to "Analyze all of client's pay checks and timesheets to calculate overtime owed in preparation to draft demand letter."  2.5 hours is excessive for FLSA counsel to review paychecks and timesheets for a single plaintiff.  Moreover, as Plaintiff's counsel wrongly believed (even after billing a considerable amount of time interviewing Ms. Maldonado) that Plaintiff did not take a 30 minute lunch break each workday and their calculations improperly included such additional damages as a result of their error, no fees should be awarded for this task as the errors by counsel only prolonged this litigation. Therefore, 2.5 hours should be deducted.

On May 25, 2021, Mr. Cummings billed .50 hours for "Draft demand letter to Defendants' counsel."  Similarly, on May 26, 2021, Mr. Cummings spent another .50 hours to "Revise and send demand letter OC Lowell Kuvin via email."  Why counsel believed that a demand letter was necessary after the case was pending and a Statement of Claim had been filed is a mystery.  As the

demand letter was completely unnecessary, no time should be awarded for this task. In addition, there is no reason why a simple demand letter should need to be revised for .50 hours by FLSA counsel. Therefore, 1.0 hours should be deducted.

Curiously, Mr. Cummings billed for time spent making unsuccessful phone calls to Mr. Kuvin. For example, on June 15, 2021, Mr. Cummings billed .10 for "Call to OC Lowell Kuvin following up on demand letter." No time should be awarded for this task as the *same* day, Mr. Cummings billed .20 hours for "Spoke to OC Lowell." Again, on June 16, 2021, Mr. Cummins billed .10 hours for "Call to OC – will call back." No time should be awarded for this task as making an unsuccessful phone call to opposing counsel is not compensable. Again, on June 28, 2021, Mr. Cummings billed .10 for "Call to OC Lowell Kuvin – no answer." No time should be awarded for this task as making an unsuccessful phone call to opposing counsel is not compensable. Therefore, .30 hours should be deducted.

As set forth above, despite learning from their own client on June 16, 2021, that Plaintiff did actually take her 30 minute lunch (and that the Statement of Claim was therefore inflated), Defendants' counsel failed to correct their error and pushed forward by preparing unnecessary discovery requests to Defendants. Due to the fact that this case did not settle earlier solely due to Plaintiff's counsel's error, no fees should be awarded for the discovery requests that were prepared by Plaintiff's counsel.

On June 18, 2021, Mr. Cummings billed 1.5 hours for "Draft Request for Admissions to Green Explosion." As this Request for Admissions contained only eighteen (18) requests and all were standard items for FLSA cases including enterprise coverage, etc., no more than .40 hours should be awarded for this task. A copy of the Request for Admissions to Green Explosion is

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

attached hereto as **Exhibit "1."**  Therefore, at least 1.10 hours should be deducted, and Defendants request that the entire 1.5 hours be deducted as a result of counsel's own error.

On June 18, 2021, Mr. Cummings billed 1.1 hours for "Draft Request for Admissions to Libia Gomez."  As this Request for Admissions contained only ten (10) requests and all were standard items for FLSA cases including requests aimed at confirming individual employer status under the FLSA, no more than .40 hours should be awarded for this task.  A copy of the Request for Admissions to Libia Gomez is attached hereto as **Exhibit "2."**  Notably, this Request for Admissions is identical to the Request for Admissions to Alejandro Gomez for which Mr. Cummings billed .40 hours on June 18, 2021.  A copy of the Request for Admissions to Alejandro Gomez is attached hereto as **Exhibit "3."**   Therefore, at least .70 hours should be deducted, and Defendants request that the entire 1.1 hours be deducted as a result of counsel's own error.

On June 23, 2021, Mr. Pollock billed .30 hours for "Review file and prepare / memorialize written file audit."  Initially, this appears to be an internal office task and not legal work by an attorney.  Moreover, there is no way to know how this task advanced the litigation.  No fees should be awarded for this task.  In addition, no explanation is provided as to why a junior associate could not perform this task.  Therefore, .30 hours should be deducted.

On June 23, 2021, Mr. Pollock billed .20 hours for "Drafted and reviewed Notice of Change of Address."  This is a purely secretarial task and no fees should be awarded for same.  Therefore, .20 hours should be deducted.

On June 23, 2021, Mr. Cummings billed .20 hours for "Drafted and reviewed Notice of Appearance."  This is a purely secretarial task and no fees should be awarded for same.  Therefore, .20 hours should be deducted.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

On June 28, 2021, Mr. Cummings billed 1.8 hours for "Draft Interrogatories to Defendant Green Explosion." A copy of the Interrogatories is attached hereto as **Exhibit "4."** Clearly, these are form Interrogatories which counsel use in every FLSA case. As such, the time spent should be reduced to .50 hours. Therefore, at least 1.3 hours should be deducted, and Defendants request that the entire 1.8 hours be deducted as a result of counsel's own error.

On June 29, 2021, Mr. Cummings billed 2.2 hours for "Draft interrogatories to Defendants Libia Gomez and Alejandro Gomez." A copy of the Interrogatories are attached hereto as **Exhibit "5."** Clearly, these are form Interrogatories which counsel use in every FLSA case. As such, the time spent should be reduced to .80 hours. Therefore, at least 1.40 hours should be deducted, and Defendants request that the entire 2.2 hours be deducted as a result of counsel's own error.

On August 27, 2021, Mr. Cummings billed .40 hours to "Draft letter to client requesting response to Rule 68 offer." However, on the same day, he billed .10 for "Phone conversation with client; verbal confirmation of Rule 68 offer of $5,500.00." Clearly, the letter of the same day was unnecessary and no fees should be awarded for this task. Therefore, .40 hours should be deducted.

On October 14, 2021, Mr. Pollock billed .20 hours for "Receipt and review of Order/Judgement based on Rule 68 Offer." This task took no more than .10 hours. In addition, no explanation is provided as to why a junior associate could not perform this task. Therefore, .10 hours should be deducted.

On October 14, 2021, Mr. Cummings billed .40 hours for "Draft post judgment Request for Production to Defendants and draft email to opposing counsel." This time entry was completely unnecessary and improper. As counsel is now apparently aware, the method to obtain post-judgment discovery in aid of execution is to request the Court to compel Defendants to complete Fact Information Sheets pursuant to Fed.R.Civ.P. 69(a) and Fla.R.Civ.P. 1.560(a) and

(b).  Accordingly, no fees should be awarded for the .40 hours spent by Mr. Cummings to prepare post-judgment discovery in aid of execution.  Therefore, .40 hours should be deducted.

Notably, this is not the first time that this Court has severely reduced the fees sought by Mr. Pollack.  In *Walker v. Iron Sushi LLC*, 17-61472-CIV, 2018 WL 10140151, at *4 (S.D. Fla. Feb. 7, 2018), *aff'd*, 752 Fed. Appx. 910 (11th Cir. 2018), Magistrate Judge Torres refused to award Mr. Pollock the 26.0 hours sought and awarded him only 9.1 hours.  *See* Mr. Pollack's billing records submitted in the *Walker* case, a copy of which is attached hereto as **Exhibit "6."** The Eleventh Circuit Court of Appeal affirmed the award of attorneys' fees on appeal.  Moreover, in *Wendel*, 2019 WL 12278752, at *2, where Mr. Pollock sought a total of $23,009.75 in fees, but the Court awarded only $4,210.00 in fees.

Accordingly, Defendants respectfully request that the amount of time sought by Mr. Pollock should be reduced by 2.9 hours, and that the amount of time sought by Mr. Cummings should be reduced by 11.4 hours.

**Time Spent by Paralegals**

As the Court stated in *TCC Air Services, Inc. v. Schlesinger*, 05-80543-CIV, 2007 WL 9706595 (S.D. Fla. Jan. 22, 2007):

> …  **However,  the time spent by paralegals should only be included "to the extent that such work is 'traditionally done by an attorney.' "** *Id.* (quoting source omitted). **Otherwise, paralegal time should be considered an unrecoverable overhead expense.** *See also Hyatt v. Barnhart*, 315 F.3d 239, 255 (4th Cir. 2002). Paralegal work that may be included as attorney time are tasks such as researching and drafting an outline of a brief, Shepardizing case law, digesting and indexing depositions, or interviewing clients. *See In re CF & I Fabricators of Utah, Inc.*, 131 B.R. 474, 490 (Bkrtcy. D. Utah 1991). **In other words, the time should be "substantive or procedural legal work," rather than work that is secretarial or administrative in nature.**

*Id*. at *1 (emphasis added).  *See also Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1309 (S.D. Fla. 2009).

The time claimed to be spent by the paralegals is excessive, unreasonable and largely secretarial.

For example, Awilda Montalvo spent 1.5 hours on March 16, 2021, to "Draft Summons for each Defendant; Draft Civil Cover Sheet; Review County records for service address of Defendants."  Spending 1.5 hours to prepare three (3) Summons, fill out a Civil Cover Sheets and perform an internet search for an address is clearly excessive.  Therefore, 1.0 hours should be deducted.

On March 17, 2021, Ms. Montalvo spent .10 hours on "Draft correspondence process server regarding service."  This is a purely secretarial task and no fees should be awarded for same.  Therefore, .10 hours should be deducted.

On March 22, 2021, Ms. Montalvo spent .20 hours preparing an e-mail to the client requesting documents.  However, on March 23, 2021, Ms. Montalvo billed another .10 hours to "Send email client with request for documents."  The second entry is clearly redundant and no fees should be awarded for same.    Therefore, .10 hours should be deducted.

On April 2, 2021, Ms. Montalvo billed .70 hours for "Draft and file Notice of Return of Service on Green Explosion; calendar deadline; file document to the file." Spending .70 hours to prepare a Return of Service is clearly excessive and no more than .10 hours should have been spent.  In addition, the remainder of the entry regarding calendaring and internal filing is clearly secretarial.  Therefore, .60 hours should be deducted.

On May 7, 2021, Samantha Herrera spent .10 hours to "Bates stamped docs shared to def-check copies."  This is a purely secretarial task and no fees should be awarded for same. Therefore, .10 hours should be deducted.

On May 11, 2021, Ms. Montalvo billed .10 hours for sending an e-mail to Mr. Pollack. Fees for interoffice communications with a paralegal are not awardable.  *See Nail v. Shipp*, CV 17-00195-KD-B, 2020 WL 1670459, at *7 (S.D. Ala. Apr. 3, 2020).  Therefore, .10 hours should be deducted.

On May 11, 2021, Ms. Herrera also billed .20 hours for "- Read and Reviewed emails between Brian and Lowell regarding client's lunch break. – **Emailed Brian informing him Ms. Sabache advised she would take 30-min lunch breaks. She stated this when I called her to go over the pay records excel worksheet.**" (emphasis added).  Fees for interoffice communications with a paralegal are not awardable.  Therefore, .20 hours should be deducted.

On June 17, 2021, Ms. Herrera billed .50 hours for a call with the client.  However, Mr. Toussaint had already billed .40 hours the same day for this task with Ms. Herrera interpreting for him on the call.  No fees should be awarded for a paralegal to translate for the attorney.  Therefore, .50 hours should be deducted.

On June 18, 2021, Ms. Herrera billed .50 hours for "Called client, obtained information for questions Toussaint was requesting for her to answer. Explained new offer amount and how attorney fees will be taken from her 4k offer. Sent email to TC & BHP containing her answers to his questions and he [*sic*] opinion on the offer."  As fees for interoffice communications with a paralegal are not awardable, .25 hours should be deducted.

The total time that should be deduced from the paralegals' time entries is 2.95 hours.

**D.**   <u>**Adjustment of the Lodestar**</u>

Determining whether the lodestar should be adjusted requires consideration of the twelve

*Johnson* factors: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3)

the skill required to perform the legal service properly; (4) the preclusion of other employment by

the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or

contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount

involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10)

the "undesirability" of the case; (11) the nature and length of the professional relationship with the

client; and (12) awards in similar cases. *See Blanchard* v. *Bergeron,* 489 U.S. 87, 94 (1989); *see*

*Johnson* v. *Ga. Highway Exp., Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974).

As set forth above, Plaintiff's counsel did not exercise proper billing judgment here.  Based

upon the several examples of excessive, improper and redundant billing set forth above, the hours

expended by them should be reduced by 50%.

Similarly, the hours expended by the paralegals should be reduced by 55% as their hours

reflect non-compensable secretarial/clerical work and interoffice communications that should not

be compensated at a paralegal rate.

**E.**   <u>**Plaintiff's Costs**</u>

Plaintiff failed to provide any supporting documentation for the costs she seeks and further

failed to file a Bill of Costs.  Therefore, her request for costs should be denied.

**F.**   <u>**Motion to Compel Fact Information Sheets**</u>

Plaintiff's counsel failed to confer with Defendants' counsel regarding its request that

Defendants complete Fact Information Sheets.  For this reason, alone this request should be denied.

"This conferral is meant to facilitate the cooperative process that marks civil litigation and ease

the tax on judicial resources that occurs when parties needlessly seek intervention by the Court. When a party fails to confer before filing such a motion, the Court may sanction it." *Top Branch Envtl. Services, Inc. v. Hoodridge Unlimited, Inc.*, 08-60767-CIV, 2009 WL 10667563, *1 (S.D. Fla. Jan. 16, 2009). *See also Sierra Equity Group v. White Oak Equity Partners, LLC*, 672 F. Supp. 2d 1369, 2009 WL 4724297, 1370 (S.D. Fla. 2009).

WHEREFORE, Defendants respectfully requests that the Court deny the instant Motion, and grant Defendants such other and further relief as is just and proper.

Respectfully Submitted November 10, 2021,

By:  s/ Sundeep K. Mullick
Sundeep K. Mullick, Esq.
Florida Bar No. 18175
lowell@kuvinlaw.com
sunny@kuvinlaw.com
*Law Office of Lowell J. Kuvin, LLC*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 10, 2021, I filed the foregoing document with the Court's CM/ECF system which will automatically send a copy of the foregoing to all registered counsel in this case.

s/ Sundeep K. Mullick
Sundeep K. Mullick

## NOTICE OF WORD COUNT PURSUANT TO D.E. #17

The body of this document (not including the caption, signature block or certifications) is 5,962 words.

s/ Sundeep K. Mullick
Sundeep K. Mullick

## <u>VERIFICATION</u>

I verify under penalty of perjury that the foregoing is true and correct.

Executed on November 10, 2021

_____
**SUNDEEP K. MULLICK**

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808